AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Western District of Texas

FILED
October 10, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____Fidel Morales_____
DEPUTY

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| David Armando GONZALEZ Lopez | ) | Case No. |
| | ) | |
| | ) | **EP:24-M-04237-MAT** |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  August 1 2024 thru October 8, 2024  in the county of  El Paso  in the Western District of Texas , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC Section 2252(a)(2) | Distribution of material involving the sexual exploitation of children |
| 18 USC Section 2252(a)(4)(B) | Possession of materail involving the sexual exploitation of children |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

Complaint sworn to telephonically on __October 10, 2024__ at __02:00 PM__ and signed electronically. **FED.R.CRIM.P. 4.1(b)(2)(A)**

*Complainant's signature*

Javier Alvidrez, HSI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  10/10/2024

*Judge's signature*

City and state:  El Paso, Texas      Miguel A. Torres, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

I, Special Agent ("SA") Javier Alvidrez, herein after "Affiant, being duly sworn do hereby depose and state:

1. Affiant is an SA with Homeland Security Investigations (HSI) assigned to the Office of the Special Agent in Charge (SAC) El Paso Office. Affiant has been employed with HSI as a Special Agent (SA) since 2010 and currently assigned to the Human Exploitation and Trafficking Group (HEAT). Affiant is authorized to investigate crimes involving the sexual exploitation of children to include violations of 18 U.S.C. § 2252(a)(2)-Receipt and Distribution of Child Pornography and 2252(a)(4)(B)-Possession of Child Pornography.

2. The statements contained in this Affidavit are based on Affiant's experience, background as a SA, and on information provided by other law enforcement officers. Your Affiant has not included all facts known concerning this matter, but only facts necessary to set forth probable cause.

3. On October 08, 2024, U.S. Customs and Border Protection Officers (CBPO) were conducting inspection operations at the Paso Del Norte Port of Entry, El Paso, TX, located within the Western District of Texas. CBPO Jacob Mena was alerted by CBPO Cruz Rodriguez of a lookout for a black colored Chevrolet Malibu, bearing Mexican registration, associated with an ongoing inspection involving possible financial structuring of monetary funds. CBPO Mena located and approached the vehicle in the pre-primary lane and identified the two occupants of the vehicle as subjects David Armando GONZALEZ Lopez (driver) and Erick Bencomo Lopez (passenger). CBPO Mena proceeded to obtain a customs declaration and determined the vehicle was associated with the ongoing inspection involving financial violations. The vehicle and occupants were escorted to the secondary inspection area.

4. In secondary inspection, CBPO's noted GONZALEZ was in possession of a red colored LG cellular phone. CBPO Edward Funes advised GONZALEZ he would be conducting a search of his cellular device under CBP Border Search Authority. CBPO Funes advised GONZALEZ the search would entail looking for derogatory information stored on the device such as terrorism, narcotics and human smuggling, weapons trafficking, and child pornography. GONZALEZ acknowledged and provided the PIN code for the device.

5. CBPO Funes inquired if there was anything he should know about prior to searching the device to which GONZALEZ replied there were adult images stored on the device. GONZALEZ then immediately added the device was not his having been loaned to him by a friend as GONZALEZ's phone was broken. GONZALEZ stated he was borrowing the phone indefinitely as his friend was using another phone. GONZALEZ stated he downloaded and installed his own applications on the device and did not clear or reset the device upon receiving it, because he didn't feel like doing so. CBPO Funes proceeded to conduct a search of the cellular device and observed files, containing Child Sexual Abuse

Material (CSAM) stored in a folder on the device. CBPO Funes stopped the examination and contacted HSI for further investigation.

6. Your affiant and HSI SA Carlos Lopez arrived at the Paso Del Norte Port of Entry and were briefed of the incident by CBPOs. Affiant was provided GONZALEZ's cellular phone, passcode provided by GONZALEZ, and the location of suspected files. Affiant identified the device as a red colored LG cellular phone and noted the device was in airplane mode. Affiant obtained consent from GONZALEZ to conduct a search of his cellular device.

7. Agents conducted a preliminary search of the device and noted the device has assigned telephone number *****2108 and email account david.lopez9292@gmail.com. Affiant determined multiple files, present on the device, contained CSAM as defined in 18 USC 2256. The files were stored inside a folder labeled "carpet" within the media gallery. One of the files is a video depicting a pubescent child nude, wearing only a white sports bra. The child has her legs spread open and facing the camera exposing her vagina and anal cavity. Another file depicted a pre-pubescent child sitting nude on a toilet while an adult male is standing facing the child and masturbating. The adult male penis then ejaculates on the child's face.

8. GONZALEZ was read his Miranda Warnings in the Spanish language by Affiant and witnessed by SA Lopez. GONZALEZ acknowledged he understood his rights and was willing to speak with Agents without the presence of an attorney.

9. During the interview, GONZALEZ confirmed the telephone number and email account assigned to the device belonged to him. GONZALEZ stated he had been using the phone for about a year and that it had been loaned to him by his friend, Jose Cruz. GONZALEZ stated he did not reset the cellular phone when he obtained it and instead just installed his applications after which all data was transferred to the device. GONZALEZ stated there were also folders that contained pornography however those were already installed on the device. According to GONZALEZ, he has viewed adult pornography but has never downloaded any files to the device.

10. GONZALEZ acknowledged there was child pornography present on the device and defined child pornography as depicting children under 18 years of age. GONZALEZ also acknowledged it was illegal to possess child pornography. GONZALEZ then stated media folders present on the device were initially password protected on the device and he had been unable to access them until recently. When asked why he did not remove the child pornography, GONZALEZ replied that it was not his intention to cross the border with the device. GONZALEZ later stated he did not remove the files because the owner may become upset.

11. Agents explained to GONZALEZ that many of the files containing CSAM and observed on his cellular phone were downloaded within the time frame that he was in possession and control of the device. GONZALEZ replied he is not sure how the files were obtained and then added that he lends the phone on occasion to friends for brief periods. The interview was then terminated.

12. HSI SA's continued a search of GONZALEZ's cellular phone and located CSAM present within a chat in the WhatsApp messaging application. WhatsApp is an encrypted instant messaging service through which users communicate via the internet. The internet is a facility of interstate and foreign commerce. The chat group was titled "13 a 25" (From 13 to 25) and contained 31 members to include GONZALEZ. The chat depicted file sharing of CSAM and comments among members from July 31, 2024, thru September 03, 2024. Agents noted that GONZALEZ uploaded a file to the chat group, on August 01, 2024, that contained CSAM. The file depicts a video of a pubescent child wearing a facemask. The child is on her hands and knees on top of a bed, nude from the waist down and blouse pulled up exposing the breasts and vagina. An adult male then stands in front of the child exposing his penis toward the child. The child then inserts the adult male penis into her mouth. Later the adult male penetrates the child's vagina with his erect penis. Agents also noted GONZALEZ commenting in the chat group indicating he had plenty of videos containing CSAM that he could share with members via Telegram.

13. Agents reapproached GONZALEZ and reminded him of his Miranda Warnings and advised that they wished to speak with him again. When asked about the chat group "13 a 25" and his participation, GONZALEZ replied he did not recognize the chat group and had never participated in it. Agents reminded GONZALEZ of his prior statements that all applications and files downloaded after he obtained the device belonged to him. GONZALEZ acknowledged downloading the applications but denied belonging to the chat group or downloading or sharing CSAM. The interview was then terminated.

14. Affiant reviewed usage of the cellular device around the time of the upload of CSAM to the chat group on August 01, 2024. Affiant located voice messages indicating GONZALEZ was in possession of the device at the time of the file upload.

15. There is reason to believe, and your Affiant does believe, there is probable cause that GONZALEZ, while using a facility of interstate and foreign commerce, did receive, possess, and distribute material containing images of CSAM in violation of Title 18 USC 2252.

14. This affidavit is intended to show merely that there is sufficient probable cause for the arrest of GONZALEZ and does not set forth all the Affiant's knowledge about this matter.

Javier Alvidrez
Special Agent

Subscribed and sworn before me this 10th day of October 2024

Miguel A. Torres
United States Magistrate Judge